IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MONICA DILLON and FRANCES FUGATE, individually on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 1:16-cv-01300 |
| JACKSON HOME CARE SERVICES, LLC, | ) ) ) | DISTRICT JUDGE BREEN MAGISTRATE JUDGE BRYANT |
| Defendant. | ) ) ) | JURY DEMAND |

## RULE 26(f) REPORT

1.  The following persons participated in a Rule 26(f) conference on December 20, 2016 by e-mail:

    Michael L. Russell and Emily S. Emmons representing the Plaintiffs.

    Charles J. Mataya and John P. Rodgers representing Defendant Jackson Home Care Services, LLC.

2.  **Conditional Certification**.  The Plaintiffs have until January 6, 2017, to move, if at all, for conditional certification of a purported FLSA collective action of employees similarly situated to the named Plaintiffs. If such a motion is filed by Plaintiffs, the Defendant shall have until January 27, 2017, to respond in opposition to such motion.

3.  <u>**If Conditional Certification is granted**</u>, the case shall proceed as follows:

    a.  The Parties shall endeavor to agree on a Proposed Notice of Lawsuit and a Notice of Consent to Become Party Plaintiff;

    b.  If the Parties cannot agree on a Proposed Notice of Lawsuit and a Notice of Consent to Become Party Plaintiff, Plaintiffs will have 14 days from entry of the

    Order of Conditional Certification to file a Proposed Notice of Lawsuit and/or Notice of Consent to Become Party Plaintiff;

c. The Defendant will have 14 days from the date on which Plaintiffs file their Proposed Notice of Lawsuit and Notice of Consent to Become Party Plaintiff to file any objections to Plaintiffs Proposed Notice of Lawsuit and Notice of Consent;

d. The Defendant shall, within 14 days from the entry of the Court's Order authorizing the issuance of and approving a Notice of Lawsuit and a Notice of Consent to Become Party Plaintiff, provide counsel for Plaintiffs with the names, last known addresses and social security numbers of all putative members of the Conditional Class or Collective, as defined by the Court in its Order Conditionally certifying the Collective;

e. Plaintiffs' Counsel, or a third-party designated by Plaintiffs' Counsel, shall distribute the Court-Authorized Notice in the manner approved by the Court. Each Notice shall be accompanied by the Notice of Consent to Become Party Plaintiff and a self-addressed, stamped return envelope. No other material shall accompany the Notice. Other than Plaintiffs' Counsel's mailing address, the envelope in which these documents are mailed may only state "Dated Materials Included" and the lawsuit's caption and case number;

f. Plaintiffs' Counsel shall use their best efforts to mail all Notices on the same day so as to establish a single date of mailing. Plaintiffs' Counsel shall bear all costs associated with distributing the Notice and accompanying material in this manner, but shall be entitled to petition the Court for a recovery of such costs;

g. No later than seven (7) days after the Notice has been sent out via U.S. Mail, counsel for Plaintiffs shall file a certification with the Court, certifying that the Notices have been mailed to the members of the Conditional Class consistent with this Order and identifying the date of mailing; and

h. To be deemed timely, all Notice of Consent to Become Party Plaintiff forms filed in this matter must be postmarked for return to Plaintiffs' counsel no later than sixty (60) days from the date of mailing by Plaintiffs' counsel.

4. **Initial Disclosures**. The parties will exchange initial disclosures by January 24, 2017.

5. **Discovery Plan**. The parties propose the following discovery plan:

(a) Discovery will be needed on these subjects: all claims and defenses.

(b) All interrogatories, requests for production of documents, and requests for admission will be served in sufficient time so that responses will be due no later than December 8, 2017. The deadline for responses shall be governed by the Federal Rules of Civil Procedure.

(c) The maximum number of interrogatories will be governed by Federal Rule of Civil Procedure 33(a).

(d) Depositions must be completed by December 22, 2017.

(e) The duration of depositions will be governed by Federal Rule of Civil Procedure 30(d)(1).

(f) Plaintiffs will serve expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) no later than September 10, 2017. Defendant will serve expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) no later than October 10, 2017.

(g) Motions to exclude experts under Federal Rule of Civil Procedure 702/Daubert motions will be filed no later than December 1, 2017.

(h) Motions to compel discovery must be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the case discovery deadline, the motion to compel must be filed within 30 days after such default or service.

6. **Other Items**.

(a) Any motions to amend pleadings or to join parties shall be filed no later than March 10, 2017.

(b) Motions to dismiss shall be filed on or before September 1, 2017.

(c) In the event a class of individuals becomes conditionally certified, all motions to decertify the conditionally certified class of individuals pursuant to 29 U.S.C. § 216(b) shall be filed on or before December 22, 2017.

(d) Dispositive motions shall be filed on or before February 16, 2018.

(e) The parties have not consented to trial by the Magistrate Judge. Jury trial is expected to last approximately five (5) days.

Respectfully submitted,

*s/ Michael L. Russell*
Michael L. Russell (#20268)
Emily S. Emmons (#33281)
GILBERT RUSSELL MCWHERTER SCOTT BOBBITT PLC
341 Cool Springs Boulevard, Suite 230
Franklin, Tennessee 37067
P: (615) 354-1144
F: (731) 664-1650
mrussell@gilbertfirm.com
eemmons@gilbert.com

*Attorneys for Plaintiffs, Monica Dillon and Frances Fugate*

4

          *s/ Charles J. Mataya*
          Charles J. Mataya (BPR No. 12710)
          John P. Rodgers (BPR No. 30324)
          BRADLEY ARANT BOULT CUMMINGS LLP
          1600 Division Street, Suite 700
          Nashville, Tennessee 37203
          P: (615) 252-2324
          F: (615) 252-6324
          cmataya@bradley.com
          jrodgers@bradley.com

          *Attorneys for Defendant Jackson Home Care Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing is being served via the Court's electronic case filing system on the following on this the 20th day of December, 2016.

Michael L. Russell (#20268)
Emily S. Emmons (#33281)
Gilbert Russell McWherter Scott Bobbitt PLC
341 Cool Springs Boulevard, Suite 230
Franklin, Tennessee 37067
mrussell@gilbertfirm.com
eemmons@gilbert.com

*Attorneys for Plaintiff*

          *s/ John P. Rodgers*
          John P. Rodgers