IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MONICA DILLON and FRANCES FUGATE, individually on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 1:16-cv-01300 |
| JACKSON HOME CARE SERVICES, LLC, | ) ) | DISTRICT JUDGE BREEN MAGISTRATE JUDGE BRYANT |
| Defendant. | ) ) | JURY DEMAND |

## STANDARD TRACK SCHEDULING ORDER

Pursuant to Local Rule 16.2, a scheduling conference was held on January 10, 2017. Present were Michael Russell, counsel for Plaintiffs, and Charles Mataya, counsel for Defendant. Prior to the scheduling conference, on December 20, 2016, the parties met and conferred in compliance with Federal Rule of Civil Procedure 26(f). The following dates are established as the final deadlines for:

**CONDITIONAL CERTIFICATION**: The Plaintiffs have until January 6, 2017, to move, if at all, for conditional certification of a purported FLSA collective action of employees similarly situated to the named Plaintiffs. If such a motion is filed by Plaintiffs, the Defendant shall have until January 27, 2017, to respond in opposition to such motion.

- If the Court grants Conditional Certification, the case shall proceed as follows:

    o The Parties shall endeavor to agree on a Proposed Notice of Lawsuit and a Notice of Consent to Become Party Plaintiff.

    o If the Parties cannot agree on a Proposed Notice of Lawsuit and a Notice of Consent to Become Party Plaintiff, Plaintiffs will have 14 days from entry of the Order of Conditional Certification to file a Proposed Notice of Lawsuit and/or Notice of Consent to Become Party Plaintiff.

    o The Defendant will have 14 days from the date on which Plaintiffs file their Proposed Notice of Lawsuit and/or Notice of Consent to Become Party Plaintiff to

- file any objections to Plaintiffs' Proposed Notice of Lawsuit and/or Notice of Consent to Become Party Plaintiff.

- The Defendant shall, within 14 days from the entry of the Court's Order authorizing the issuance of and approving a Notice of Lawsuit and/or Notice of Consent to Become Party Plaintiff, provide counsel for Plaintiffs with the names, last known addresses, and social security numbers of all putative members of the Conditional Class or Collective, as defined by the Court in its Order Conditionally certifying the Collective.

- Plaintiffs' counsel, or a third-party designated by Plaintiffs' counsel, shall distribute the Court-Authorized Notice in the manner approved by the Court. Each Notice shall be accompanied by the Notice of Consent to Become Party Plaintiff and a self-addressed, stamped return envelope. No other material shall accompany the Notice. Other than Plaintiffs' counsel's mailing address, the envelope in which these documents are mailed may only state "Dated Materials Included" and the lawsuit's caption and case number.

- Plaintiffs' counsel shall use their best efforts to mail all Notices on the same day so as to establish a single date of mailing. Plaintiffs' counsel shall bear all costs associated with distributing the Notice and accompanying material in this manner, but shall be entitled to petition the Court for a recovery of such costs.

- No later than seven (7) days after the Notice has been sent out via U.S. Mail, counsel for Plaintiffs shall file a certification with the Court, certifying that the Notices have been mailed to the members of the Conditional Class consistent with this Order and identifying the date of mailing.

- To be deemed timely, all Notice of Consent to Become Party Plaintiff forms filed in this matter must be postmarked for return to Plaintiffs' counsel no later than sixty (60) days from the date of mailing by Plaintiffs' counsel.

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: January 24, 2017.

**MOTIONS TO JOIN PARTIES**: March 10, 2017.

**MOTIONS TO AMEND PLEADINGS**: March 10, 2017.

**MOTIONS TO DISMISS**: April 10, 2017

**ALTERNATIVE DISPUTE RESOLUTION:**

   (a) **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** April 4, 2017.

   (b) **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)**:

      **Mediator's Name:** Mark Travis.

**Stipulation Filing Date:** January 10, 2017.

**COMPLETING ALL DISCOVERY**:  September 25, 2017

    (a)  **WRITTEN DISCOVERY**:  August 25, 2017.

    (b) **DEPOSITIONS**:  September 25, 2017.

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

    (a)  **DISCLOSURE OF PLAINTIFFS' (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**:  July 26, 2017

    (b)  **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**:  August 25, 2017.

    (c)  **EXPERT WITNESS DEPOSITIONS**:  September 25, 2017.

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: October 9, 2017

**SUPPLEMENTATION UNDER RULE 26(e)(2)**:  September 25, 2017.

**FILING DISPOSITIVE MOTIONS**:  October 24, 2017.

**OTHER RELEVANT MATTERS**:

    As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery"). At this time, the parties anticipate that some e-discovery may be necessary and, if such discovery becomes necessary, the parties intend to reach an agreement regarding the production of same. Accordingly, the default standards in Local Rule 26.1(e) need not apply.

    Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

    No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

    Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service

7/3926015.1

This case is set for a jury trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. The parties anticipate the trial will last approximately five days.

The parties are ordered to engage in ADR by the ADR deadline. Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

IT IS SO ORDERED this 10th day of January, 2017.

                                              **s/Edward G. Bryant**
                                              UNITED STATES MAGISTRATE JUDGE