**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

_____

| | | |
|---|---|---|
| **MONICA DILLON and FRANCES FUGATE,** | ) | |
| **individually on behalf of themselves and** | ) | |
| **all others similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:16-cv-01300-STA-egb** |
| | ) | |
| **JACKSON HOME CARE SERVICES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION FOR
CONDITIONAL CERTIFICATION**
_____

Before the Court is Plaintiffs Monica Dillon and Frances Fugate's Motion for Conditional Certification (ECF No. 15). Defendant Jackson Home Care Services, LLC has responded in opposition, and Plaintiffs have filed a reply. For the reasons set forth below, the Motion for Conditional Certification is **GRANTED in part, DENIED in part**.

**BACKGROUND**

On November 21, 2016, Plaintiffs filed a Complaint on behalf of themselves and those similarly situated, alleging violations of the Fair Labor Standards Act ("FLSA"). The Complaint named as Defendant Jackson Home Care Services, LLC ("Jackson Home Care"), Plaintiffs' former employer. According to the Complaint, Plaintiffs worked as home health care nurses. Starting in January 2015, Jackson Home Care began compensating home health care nurses on a "per visit" basis. Rather than a salary, nurses received a flat fee for each home visit they completed during their regular shifts, regardless of how long it took them to travel to the

1

patient's home or how long the visit lasted or how much time the nurse had to devote to charting the visit after leaving the patient's home.  As a result of this compensation system, Plaintiffs contend they worked in excess of 40 hours per week but did not receive overtime compensation.

Plaintiffs now seek conditional certification of a class of similarly situated former and current employees of Jackson Home Care who were paid "per visit" in violation of the FLSA. Each named Plaintiff has furnished a declaration setting out additional facts about her work and compensation structure.  In her declaration (ECF No. 15-2), Dillon avers that she worked as a home health nurse for Jackson Home Care from July 2014 to October 2015.  Once Defendant elected to pay her for each patient visit, Dillon received $32 for a regular visit, $60 for a "start of care" visit, $45 for a "recertification" visit, and $34 for a patient discharge.  After a visit was completed, Dillon had to chart the visit on a cellular device application.  Dillon states that she routinely had to work beyond her normal shifts to complete her charting responsibilities and that Defendant did not compensate her for overtime hours she worked.  Defendant also failed to pay Dillon for time she spent traveling to patient visits and to the hospital to deliver patient lab specimens.  The result was that Dillon regularly worked 45 to 55 hours per work but without overtime pay.   Fugate's declaration (ECF No. 15-3) is similar and corroborates Dillon's declaration in all material respects.

In the Motion for Conditional Class Certification, Plaintiffs request that the Court (1) authorize this case to proceed as a collective action for overtime violations under the FLSA, 29 U.S.C. § 216(b), on behalf of all employees who worked for Defendant in any home health care capacity within the last three (3) years and were compensated on a "per visit" basis; (2) issue an Order directing Defendant to immediately provide a list of names, last known addresses, and last known telephone numbers for all putative class members who worked for Defendant within the

last three years; (3) issue an Order that notice be prominently posted at any facility where putative class members work, attached to current employees' next scheduled paycheck, and be mailed to the employees so that they can assert their claims on a timely basis as part of this litigation; and (4) order that the opt-in plaintiffs' Consent Forms be deemed "filed" on the date they are postmarked.  Defendant opposes the Motion for Conditional Certification.

## STANDARD OF REVIEW

Section 216(b) of the FLSA provides as follows:

> An Action [under § 206] may be maintained against any employer (including a public  agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Suits brought pursuant to section 216(b) are collective actions, as opposed to class actions, in that similarly situated plaintiffs are permitted to "opt into" the suit rather than "opt out" as required by Rule 23 of the Federal Rules of Civil Procedure.  *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).  Courts generally employ a two-stage certification process in FLSA collective actions.   At the initial stage, the Court determines whether to certify the proposed class conditionally.  *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017) (reaffirming the continuing validity of the two-stage certification process and the similarly situated analysis adopted in *O'Brien v. Ed Donnelly Enterp., Inc.*, 575 F.3d 567 (6th Cir. 2009)). Conditional certification allows the Court to order "notice to potential plaintiffs and to present them with an opportunity to opt in." *Lindberg v. UHS of Lakeside, LLC*, 761 F.Supp.2d 752, 757-58 (W.D. Tenn. 2011). This early certification of a class at the notice stage is "conditional and by no means final." *Comer*, 454 F.3d at 546.

3

To obtain conditional certification to proceed as a collective action, the named plaintiff must demonstrate that he is "similarly situated" to the employees she seeks to represent. Although the FLSA does not define the term "similarly situated," the Sixth Circuit has explained that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien*, 575 F.3d at 584.   Other factors are relevant to the similarly situated analysis, including but not limited to the following: "(1) the factual and employment settings of the individual plaintiffs; (2) the different defenses to which the plaintiffs may be subject on an individual basis; and (3) the degree of fairness and procedural impact of certifying the action as a collective action." *Monroe*, 860 F.3d at 397 (citing O'Brien, 575 F.3d at 584 and 7B Wright, Miller & Kane, Federal Prac. & Proc. § 1807 at 487 n.65 (3d ed. 2005)).

The plaintiff's burden at the first stage is "fairly lenient" and requires only "a modest factual showing" that she is similarly situated to the other employees she seeks to notify. *Comer*, 454 F.3d at 547. A lead plaintiff need only prove at the early stage that the putative class shares "common theories of defendant['s] statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* Because the Court makes its determination at this initial under a more forgiving standard of review, the Sixth Circuit has recognized that it "typically results in conditional certification of a representative class." *O'Brien*, 575 F.3d at 584.

## ANALYSIS

The Court holds that Plaintiffs have carried their "fairly lenient" burden at this stage to obtain conditional certification of a putative class.   The Complaint and the supporting declarations filed with Plaintiffs' Motion for Conditional Certification suffice to show that Jackson Home Care denied Plaintiffs and the potential opt-in class, all current or former

4

employees of Defendant, overtime pay to which they were entitled under the FLSA. Specifically, Plaintiffs have made a preliminary showing that Defendant's use of a "per visit" compensation structure failed to pay Plaintiffs and similarly situated home health care workers for all hours worked.  Plaintiffs have made a prima facie showing that they are similarly situated to the putative class they seek to represent: all members of the class worked as home health care providers and were paid on a "per visit" basis, resulting in the class members working in excess of 40 hours per week without receiving overtime.  Therefore, the Court finds good cause to grant conditional certification at this initial phase.

Jackson Home Care has raised a number of arguments in opposition to conditional certification, none of which the Court finds convincing. First, Defendant objects that the named Plaintiffs, Dillon and Fugate, have not identified any potential opt-in plaintiffs or provided affidavits from the potential opt-in plaintiffs to demonstrate why collective action is necessary. Subsequent to the filing of Defendant's response brief, however, Plaintiffs filed consent forms for four opt-in plaintiffs (ECF No. 27) along with supporting declarations from three of the opt-in plaintiffs (ECF No. 28).  The statements contained in the supporting declarations provide additional factual support for the claims stated in the Complaint about the "per visit" payment system and how Defendant's policy operated to deprive the opt-in plaintiffs of overtime pay.  To the extent that Dillon and Fugate lacked this support before, Plaintiffs have shown that other opt-in plaintiffs are willing to join the collective action and that the opt-in plaintiffs experienced a similar denial of overtime pay.

Defendant raises two additional arguments, criticisms which the Court finds more compelling but ultimately not persuasive enough to defeat conditional certification.  Defendant contends that as registered nurses, Plaintiffs are exempt from the FLSA's overtime requirements.

Jackson Home Care relies on the FLSA's implementing regulations and the Sixth Circuit's decision construing the regulations as applied to home health nurses in *Fazekas v. Cleveland Clinic Foundation Health Care Ventures, Inc.*, 204 F.3d 673 (6th Cir. 2000). In *Fazekas*, the Court of Appeals construed 29 U.S.C. § 207(a)(1)'s learned professional exemption. The statute exempts "[p]ersons employed in a 'bona fide . . . professional capacity' . . . from the overtime pay requirements." *Fazekas*, 204 F.3d at 675 (quoting 29 U.S.C. § 213(a)(1)). The DOL regulations implementin*g* the FLSA define an "employee employed in a bona fide professional capacity" to include any employee "[w]hose primary duty is the performance of work [r]equiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction," the so-called learned professional exemption. 29 C.F.R. § 541.300.

Defendant argues that both Dillon and Fugate meet the two-part test for the learned professional exemption. As registered nurses, both Plaintiffs satisfy the duties element of the exemption under 29 C.F.R. § 541.301(e)(2) in that their primary duty was to perform work of a specialized scientific nature. Both Plaintiffs also satisfy the fee basis element under 29 C.F.R. § 541.300(1) in that Defendant paid each Plaintiff on a fee basis of not less than $455 per week. The regulations define "fee basis" as being "paid an agreed sum [for each job] regardless of the time required for its completion." 29 C.F.R. § 541.605(a). Defendant contends then that Dillon and Fugate are exempt from the FLSA's overtime requirements and therefore cannot show how they are similarly situated to a putative class of non-exempt employees.

It is true that the Sixth Circuit in *Fazekas* held that home health nurses "were engaged in a 'bona fide . . . professional capacity' pursuant to the Department of Labor regulations, both because the plaintiffs' duties required advanced knowledge and discretion and because they were

6

paid on a fee basis, as that term has been interpreted by the Administrator of the Department's Wage and Hour Division." *Fazekas*, 204 F.3d at 675.  However, the Sixth Circuit did not hold that all home health nurses satisfied the learned professional exemption as a matter of law. *Fazekas* concluded with the following caveat: "In other circumstances, however, the work of nurses performing home health care visits may indeed become merely 'a series of jobs which are repeated an indefinite number of times,' 29 C.F.R. § 313(b), and in such cases those nurses would not qualify for the professional exemption." *Id.*  Furthermore, home health nurses may work under a variety of other circumstances, which would not exempt them from overtime.  As Plaintiffs point out in their reply, the Sixth Circuit has held that the "fee basis" element of the learned professional exemption may not be met and "a compensation plan will not be considered a fee basis arrangement if it contains any component that ties compensation to the number of hours worked." *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 838 (6th Cir. 2002).  In this case Dillon and Fugate have submitted supplemental declarations that they were compensated for vacation and sick time at an hourly rate of $28 per hour.  In other words, Plaintiffs received fee-based compensation for home visits as well as hourly compensation for vacation and sick time, a showing that arguably makes Plaintiffs' case more like *Elwell* than *Fazekas*.

The Court finds it unnecessary to reach these fact-bound determinations at the conditional certification stage. The parties have not engaged in discovery and have not supported their positions with extensive citations to an evidentiary record.  The Court has only the allegations of the Complaint and short declarations from the named Plaintiffs and three opt-in plaintiffs.  The question of whether Dillon and Fugate satisfy the factual and legal tests for the learned professional exemption is a matter more properly considered on a Rule 56 motion for summary

judgment and with a fully developed record.   Therefore, the Court declines to reach this argument in the context of a motion for conditional certification of an FLSA collective action and without prejudice to Defendant's right to raise the issue in a subsequent motion.

This leaves Defendant's objection to the putative class proposed by Plaintiffs.  Plaintiffs request that the Court conditionally certify as a class "all employees who worked for Defendant in any home health care capacity within the last three (3) years and were compensated on a 'per visit' basis.  Defendant argues that its compensation structure of paying home health workers for each patient visit is not a practice prohibited by the FLSA.  So Plaintiffs' definition of the class does not actually describe a violation of the FLSA.  Jackson Home Care has proposed the following class instead: "Non-exempt present and former employees of Jackson Home Care Services, LLC who worked as home health care providers within the past three (3) years, who worked more than 40 hours in a work week, and who were not paid overtime pay for all hours over 40 in that work week."  The Court finds that Defendant's proposed definition of the putative class more accurately describes a violation of the FLSA but still fails to identify the specific payroll policy, i.e. the "per visit" compensation structure, which Plaintiffs allege resulted in the violations of the FLSA.

Having determined that both parties' proposed class definitions are not entirely satisfactory, the Court adopts the following definition for the putative class and hereby conditionally certifies the class:  "Non-exempt present and former employees of Jackson Home Care Services, LLC who worked as home health care providers within the past three (3) years, who were compensated on a 'per visit' basis, who worked more than 40 hours in a work week, and who were not paid overtime pay for all hours over 40 in that work week."  This matter will proceed as a collective action for overtime violations under the FLSA on behalf of the putative

8

class defined herein. Therefore, Plaintiffs' Motion for Conditional Certification is **GRANTED** on the certification of the putative class.

Finally, the Court finds that Plaintiffs' requests regarding notice to the putative class are not well taken.  The parties proposed and the Court adopted a procedure for notifying the putative class set out in the Scheduling Order. Consistent with the instructions outlined in the Scheduling Order, the Court declines to consider Plaintiffs' other requests for court-ordered notice to issue, for Defendant to supply counsel for Plaintiffs with the names and contact information for the putative class, and for Defendant to post the notice in the workplace and in current employee's paycheck.  Counsel should simply adhere to the procedures and deadlines described in the Scheduling Order.  Therefore, Plaintiffs' request for relief related to notice is **DENIED** at this time.

## CONCLUSION

Plaintiffs' Motion for Conditional Certification is **GRANTED in part, DENIED in part**.

**IT IS SO ORDERED.**

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:   August 10, 2017.