IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MONICA DILLON and FRANCES FUGATE, individually on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>JACKSON HOME CARE SERVICES, LLC )<br><br>Defendant. ) | No. 1:16-cv-01300<br><br>CHIEF JUDGE ANDERSON<br>MAGISTRATE JUDGE BRYANT<br><br>JURY DEMANDED |

_____

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR ORDER APPROVING SETTLEMENT**
_____

COME NOW Plaintiffs Monica Dillon and Frances Fugate ("Plaintiffs") and Defendant, Jackson Home Care Services, LLC ("Defendant") (collectively Plaintiffs and Defendant are referred to as the "Parties") and in support of their Joint Motion for Order Approving Settlement,[1] state as follows:

### I. Introduction

In this Fair Labor Standards Act ("FLSA") action, the Parties jointly request that the Court enter an order approving the agreed-upon resolution reached between the Parties to release and resolve all claims relating to this matter. As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982), in the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages

---

[1] Contemporaneously, Defendant intends to file a Motion for leave to file the Settlement Agreement under seal.

1

for FLSA violations," the Parties must present any proposed resolution to the district court, which may enter a stipulated judgment after scrutinizing the terms of the resolution for fairness. *Id.* at 1353; *see also Boone v. City of Suffolk, Va.,* 79 F. Supp. 2d 603, 605 (E.D. Va. 1999) (Resolution of FLSA overtime claim must be overseen by the Department of Labor or approved for fairness and reasonableness by a district court). Thus, as set forth below, the Parties request that the Court review their agreed-upon resolution under the procedures and standards set forth in *Lynn's Food Stores* and the FLSA.

## II. Facts & Procedural History

Plaintiffs filed this lawsuit in the United States District Court for the Western District of Tennessee, on behalf of themselves and all other similarly situated individuals, alleging that Defendant violated the FLSA. (Dkt. No. 1). In their Complaint, Plaintiffs claimed that Defendant misclassified them as exempt from the overtime requirements of the FLSA and thereby failed to properly compensate them for overtime worked as required under the FLSA. Specifically, Plaintiffs argued that Defendant violated the FLSA by failing to compensate them and similarly situated individuals one and one-half times their regular rate for all hours worked over 40 per week. Defendant denied Plaintiffs' allegations. After a collective was conditionally certified and current/former employees of Defendant were permitted to opt-in to the lawsuit, the Parties exchanged communications outlining each party's legal position, participated in negotiations, exchanged relevant documents, completed written discovery, gave deposition testimony, and eventually reached a resolution of all claims between the Parties facilitated by experienced third-party neutral, Mark Travis.

The Parties agree that the instant action involves disputed issues regarding whether Plaintiffs were properly classified as exempt from the overtime requirements of the FLSA and

compensated in accordance with the Fair Labor Standards Act. This action between the Parties also involves disputed issues regarding whether the class was similarly situated, and the number of total hours that employees worked per workweek. Plaintiffs alleged that Defendant misclassified its home health care workers as exempt from the overtime requirements of the FLSA, and did not compensate them time and a half for all hours worked over 40 in a workweek, which is a violation of the FLSA. Defendant denies these allegations and contend that Plaintiffs and members of the conditionally certified class were properly compensated for all reported hours worked.

In this matter, the Parties have reached a mutually agreed to resolution that pays Plaintiffs and the opt-in class members an amount in back pay and liquidated damages that they reasonably could have received if this matter had proceeded to trial and they prevailed.  Plaintiffs also recognize that they reasonably may not have been awarded back pay and liquidated damages if the matter had proceeded to trial. Defendants have also agreed to pay an additional amount in attorney's fees and costs.  In summary, the Parties reached a fair and reasonable resolution taking into account the cost and risk of continued litigation for both Parties.

**III.      The Court Should Approve the Parties' Agreed Upon Resolution of this Case.**

In this case, the Court should approve the Parties' agreed-upon resolution because it was achieved in an adversarial context, experienced counsel have represented the Parties, and the terms of the Parties resolution reflect a fair and reasonable compromise over disputed issues in light of all relevant circumstances.

As noted above, an FLSA claim cannot be waived or resolved through agreement of the parties, except in two circumstances. *Martin v. Indiana Michigan Power Co.,* 292 F.Sipp.2d 947, 959-60 (W.D. Mich. 2002).  The only two ways that an FLSA claim can be resolved through agreement of the parties are (1) that the Secretary of Labor can supervise the payment of back

wages or (2) that the employer and employee present the proposed settlement to the district court for approval. *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir. 1982); *Stalnaker v. Novar Corp.,* 293 F.Supp.2d 1260, 1262-63 (M.D. Ala. 2003). Here, the Parties request the Court approve the Parties' agreed-upon resolution of all claims in this case.

A district court, when reviewing a proposed agreed-upon resolution of an FLSA claim, must scrutinize it for fairness and decide whether it is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores,* 679 F.2d at 1353, 1355. In *Lynn's Food Stores,* the court established the following factors for a district court to examine to determine whether to approve an agreed-upon resolution of an FLSA claim:

1. Was it achieved in an adversarial context?
2. Was the Plaintiff represented by attorneys who can protect their rights?
3. Does it reflect a fair and reasonable compromise over issues that are actually in dispute?

*Id.* at 1353-54. Analysis of the *Lynn's Food Stores* factors above illustrates that the Parties' Settlement should be approved.

First, the Parties were represented by counsel with extensive FLSA litigation experience, including both individual and collective class claims. The resolution was reached through adversarial arm's length negotiations.

Second, the terms of resolution reflect a fair and reasonable compromise regarding *bona fide* disputes between the Parties with respect to whether damages were available to Plaintiffs and the opt-in class members under the FLSA and also the amount of damages, if any, that were available to the Plaintiffs and class members under the FLSA. In the present case, there were a number of disputed factual and legal issues.

Plaintiffs believe that this settlement is in their best interest and the best interest of the opt-in class members as it eliminates any potential risk at trial and from the further expenditure of resources in litigation and provides for relief for the Plaintiffs and class members. Plaintiffs' Counsel is experienced in litigating individual and collective action lawsuits under the FLSA and believes that this Agreement resolving Plaintiffs' collective action claims is both fair and reasonable. Courts are permitted to give the opinion of plaintiff's counsel substantial deference in approving settlement agreements. *See, e.g., Manners v. Am. Gen. Life Ins. Co.,* 1999 WL 33581944, at * 27 (M.D. Tenn. Aug. 11, 1999). Indeed, the Parties maintain this settlement is a fair and reasonable resolution of a bona fide FLSA dispute. They reviewed the evidence and the applicable law and have concluded that the settlement of these claims is in the best interest of the Parties. The Parties jointly represent to the Court that this agreement was negotiated in good faith, represents a reasonable and fair compromise, and the Parties request that the Court approve the settlement.

### IV.    Attorneys' Fees and Costs are Appropriate

Plaintiff has been represented by experienced lawyers at Gilbert McWherter Scott & Bobbitt, PLC who are responsible for this positive result. This case presents a myriad of legal and factual issues and the proposed award of attorney's fees and expenses is fair, reasonable, and should be approved. Defendant has agreed to pay Plaintiffs' counsel $51,275.00 for attorney's fees, litigation expenses, and costs. "[T]he attorneys' fees provision [] of the . . . FLSA exist to enable Plaintiffs to employ reasonably competent lawyers without costs to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the FLSA." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co. Inc.,* 732 F.2d 495, 502 (6th Cir. 1984).

In the Sixth Circuit, the only requirement for award of attorneys' fees to counsel is that the award "be reasonable under the circumstances." *Rawlings v. Prudential-Bache Property,* 9 F.3d 513, 516 (6th Cir. 1993). Here, the award is reasonable because Plaintiff's attorneys have dedicated considerable time to pursuing this litigation. The total attorney's fees incurred by Plaintiff's counsel as of April 10, 2018, represent over 150 hours of work and total $48,343.75. The total costs incurred to date are $2,931.49.

Therefore, Plaintiff's counsel's fees and expenses of $51,275.00 are reasonable. Additionally, the last time entry in Plaintiffs' attorney's billing records is for April 10, 2018, however counsel has billed additional time since this date. For example, calculations computing disbursement amounts to the class members, and the drafting of this Motion occurred after April 10, 2018. Therefore, actual attorney's fees are higher than reflected above. At the time of settlement, the substantial risks and uncertainties of continued litigation, made it far from certain that an ultimate recovery would be obtained or that any fees or costs would be recovered. Further, the complexity and risks of this action plainly support the fee requested. In sum, Plaintiffs' attorneys accepted risk in pursuing this claim, and the requested fee is reasonable under the circumstances.

## V.    Conclusion

This FLSA settlement is the product of experienced counsel working to fairly and reasonably resolve a bona fide dispute between the Parties.  For these reasons and all those set forth above, the Court should enter an Order Approving the Case Resolution and dismiss the action *with prejudice*.

        Respectfully submitted,

*s/Emily S. Alcorn*
EMILY S. ALCORN #33281
GILBERT McWHERTER
SCOTT & BOBBITT PLC
341 Cool Springs Blvd., Suite 230
Franklin, Tennessee 37067
Telephone: (615) 354-1144
Facsimile: (731) 664-1540
eemmons@gilbertfirm.com

**ATTORNEY FOR PLAINTIFF**

&

*s/ John P. Rodgers with permission*
Charles J. Mataya (BPR No. 12710)
John P. Rodgers (BPR No. 30324)
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
cmataya@bradley.com
jrodgers@bradley.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    I, the undersigned, do hereby certify that a true and exact copy of the foregoing Memorandum in Support of Motion for Settlement Approval has been mailed electronically via the Court's electronic filing system, to all counsel of record on this the 19th day of June, 2018.

Charles J. Mataya
John P. Rodgers
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
cmataya@bradley.com
jrodgers@bradley.com

        *s/Emily S. Alcorn*